John ANDERSON, Plaintiff–Appellant,

v.

BOARD OF REGENTS OF THE UNIVERSITY OF WISCONSIN SYSTEM, Defendant–Appellee.

No. 97–3255.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 26, 1998.

Decided March 30, 1998.

As Amended April 7, 1998.

Jeff S. Olson, Elizabeth D. Kessler (argued), Madison, WI, for Plaintiff–Appellant.

Richard Briles Moriarty (argued), Wis. Dept. of Justice, Madison, WI, for Defendant–Appellee.

Before BAUER, WOOD, JR., and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

John Anderson missed the deadline for filing his age discrimination complaint with the Equal Employment Opportunity Commission (EEOC). The district court entered summary judgment in favor of the defendant, the Board of Regents of the University of Wisconsin System (the Board). On appeal, Anderson argues that equitable tolling or laches should have precluded summary judgment against him. We affirm the judgment of the district court.

## I.

John Anderson worked as a Craftsworker Supervisor at the University of Wisconsin–Eau Claire from December 1992 until his termination on December 7, 1993. Convinced that the Board had fired him because of his age, Anderson filed an age discrimination complaint with the Wisconsin Personnel Commission on October 3, 1994, exactly 300 days after his termination. At Anderson's request, the Personnel Commission forwarded a copy of his complaint by mail to the EEOC. Anderson concedes that, because the EEOC did not receive his complaint until after the 300th day, the complaint was not timely filed with the EEOC. *See* 29 U.S.C. § 626(d)(2).

For reasons that are unclear in the record, the EEOC did not inform Anderson that his complaint was untimely but proceeded to process his claim. On November 10, the EEOC forwarded a copy of Anderson's complaint to the defendant Board. Meanwhile, the Wisconsin Personnel Commission commenced its investigation of Anderson's allegations. On April 27, 1995, the Personnel Commission made an initial determination that the allegations were supported by probable cause. On the strength of this determination, Anderson decided to file suit in the district court, and he requested that the state agency dismiss his complaint "without prejudice to litigation of the complainants' claims under federal law." The Personnel Commission complied, dismissing the complaint on August 16. The EEOC issued a Right to Sue letter to Anderson on June 12, 1996, and Anderson filed his federal action in the district court three months later asserting claims under the Age Discrimination in Employment Act.

The Board's Answer raised, among other defenses, the untimeliness of Anderson's filing with the EEOC. The district court held that Anderson's failure to file with the EEOC in a timely manner barred further consideration of his claims, and the court entered summary judgment for the Board. On appeal, Anderson admits that he missed the 300–day deadline for filing with the EEOC, but he maintains that his error should be excused under the doctrines of equitable tolling or laches.

## II.

■ Consideration of Anderson's appeal requires an understanding of the cooperative scheme by which the EEOC and various state agencies coordinate their investigations of age discrimination claims. Typically, a complaint must be filed with the EEOC within 180 days of the alleged discriminatory act. 29 U.S.C. § 626(d)(1). However, "[i]n the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State au-

thority to grant or seek relief from such discriminatory practice," *id.* § 633(b), the deadline for filing with the EEOC is extended to 300 days, *id.* § 626(d)(2).

Wisconsin has a law prohibiting age discrimination, see Wis. Stat. § 111.33, and therefore 29 U.S.C. § 626(d)(2) provided him with 300 dys in which to file with the EEOC. Most allegations of age discrimination in employment under Wisconsin law are handled by the state's Equal Rights Division; however, when the state itself is the employer, complaints must be filed with the Wisconsin Personnel Commission. Wis. Stat. § 111.375(2). Anderson did not file with the Personnel Commission until the 300th day, however, making the subsequent transmittal of his complaint to the EEOC untimely.

Anderson's explanation is that the state led him to believe that the Wisconsin Personnel Commission had a worksharing agreement in which the EEOC agreed to treat a filing with the state agency as having been filed concurrently with the EEOC. Because he believed there to be such an agreement, Anderson thought that he had met the 300–day deadline for filing with the EEOC when he filed with the state agency on October 14, 1994. Unfortunately for Anderson, the EEOC has no worksharing agreement with the Wisconsin Personnel Commission, although it does have one with the Wisconsin Equal Rights Division.

█ Anderson claims that the district court should have equitably tolled the 300–day limitations period because his mistake was reasonable. The equitable tolling doctrine allows suspension of a limitations period "when the prospective plaintiff simply does not have and cannot with due diligence obtain information essential to bringing a suit." *Wolin v. Smith Barney Inc.*, 83 F.3d 847, 852 (7th Cir.1996); *see also Chakonas v. City of Chicago*, 42 F.3d 1132, 1135 (7th Cir.1994). Anderson argues that because the state misled him into believing there was a worksharing agreement, he should not be penalized for failing to uncover the true filing deadline.

The state allegedly misled Anderson in two ways. First, in mailing Anderson's complaint to the EEOC, the Personnel Commission checked off a box on the transmittal form indicating that "[p]ursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA [Fair Employment Practices Agency, *i.e.*, the Personnel Commission]." Although the transmittal form is used for interagency correspondence, Anderson's attorney stated in his affidavit that he had seen the transmittal form many times while representing clients in prior discrimination cases and that he had understood, based on the form, that there was a worksharing agreement in place. Second, Anderson's attorney claims to have been misled when, in filing Anderson's complaint with the Personnel Commission, he checked off a box indicating that he "wish[ed] the Commission to forward a copy of this complaint to the [EEOC]". This language, Anderson argues, only confirmed his belief that, pursuant to a worksharing agreement, a filing with the state agency would be considered to be simultaneously filed with the EEOC.

The Personnel Commission's promise to forward a copy of the complaint to the EEOC is not equivalent to an assurance that filing with the state is tantamount to simultaneously filing with the EEOC. Furthermore, although the reference to a worksharing agreement in the transmittal form is misleading, this does not excuse Anderson's error. Equitable tolling, as noted, applies only when a plaintiff "cannot *with due diligence* obtain information essential to bringing a suit." *Wolin*, 83 F.3d at 852 (emphasis added). Even if Anderson reasonably believed that there was a worksharing agreement, Anderson still should have made inquiries into the terms of that agreement. *See Russell v. Delco Remy Div. of Gen. Motors*, 51 F.3d 746, 751 (7th Cir.1995) ("Worksharing agreements are to some degree particularized."). Anderson failed to make such an investigation, however, and then compounded the error by waiting until the very last day to file his claim. Equitable tolling is not available when the plaintiff fails to exercise due diligence in ascertaining the applicable limitations period.

█ Anderson fares no better on his laches argument. Laches "bars a party's rights when the party has unreasonably de-

layed their assertion so as to cause prejudice to the opposing party." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 181 (7th Cir.1994). Anderson argues that the Board should be barred by laches from raising its statute of limitations defense because it unreasonably delayed in asserting the defense. In Anderson's view, the Board was obligated to point out the untimeliness of Anderson's claim when the EEOC first notified the Board of Anderson's complaint back in November 1994. A target of a potential lawsuit has no obligation, however, to point out the flaws in a complainant's action before the suit is even filed with the court. The Board raised its limitations defense in its Answer to Anderson's age discrimination complaint in the district court. There was no unreasonable delay, and the doctrine of laches does not apply.

We therefore affirm the judgment of the district court.